IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHO-AIR INTERNATIONAL, INC., <br> Plaintiff, | § <br> § <br> § |
| V. | § <br> § C.A. NO. _____ |
| DESIGN TRANSPORTATION SERVICES, INC., d/b/a DESIGN TRANSPORTATION, INC. <br> Defendant. | § <br> § <br> § <br> § |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sho-Air International, Inc. ("Sho-Air"), Plaintiff in the above-entitled and numbered cause, complaining of Design Transportation Services, Inc. d/b/a Design Transportation, Inc. ("DTI"), Defendant herein, and in support would show the Court as follows:

### I.

Plaintiff is a California corporation or similar entity and brings this action on its own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the goods in question, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

### II.

Defendant was and now is a Texas corporation or similar entity, registered with the state of Texas, with the power to sue and be sued, which regularly does business in Texas and the United States as a common carrier of goods for hire in interstate commerce. Defendant maintains a registered agent in Texas. Defendant may therefore be served through its registered agent, Jim Locke, at 3818 Irving Blvd., Bldg. #2, Dallas, Texas 75247, its corporate president, Michael Sisneros, or its vice-president, Cynthia Prater at the same address.

## III.
## JURISDICTION

Plaintiff bases the jurisdiction of this Court on Surface Transportation Board Jurisdiction, 49 U.S.C. § 14706, *et seq.* and the amount in controversy, which exceeds $10,000.00 per load of freight carried, and the pendent jurisdiction of this court.

## IV.
## VENUE

Venue applies in the Southern District of Texas. Defendant operates through this District and/or regularly employs truckers who carry goods into and out of the Southern District of Texas. The loss also occurred in Texas. Venue therefore applies in the Southern District of Texas, since it is a district through which defendants do business, 49 U.S.C. § 14706(d)(1).

## V.
## GENERAL

Whenever Plaintiff alleges that Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing, and that at the time such act or thing was done with the full authorization or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## VI.
## ICC TERMINATION ACT OF 1995 ("CARMACK") COUNT, AND FACTS FOR FOLLOWING COUNTS

On or about February 26, 2009, DTI received in good order and condition, a cargo of 1513 pieces of computer equipment to be shipped from Tukwila, Washington, to New Orleans, Louisiana. Defendant did not deliver all of the cargo at New Orleans as directed. The cargo was lost or stolen during carriage, and was not delivered in New Orleans in the same good order and

condition as received. The cargo was a lost due to DTI's negligence and/or its Carmack liability under 49 U.S.C. § 14706 *et seq*. The monetary loss incurred to Plaintiff's as a result of the loss of the goods was $700,000.00, for which Plaintiff demands recovery from Defendant. Plaintiff has duly performed all duties, obligations, and conditions precedent to be performed on its part.

## VII.
## NEGLIGENCE

Defendant undertook duties as:

1. security provider,
2. carrier,
3. handler,
4. freight forwarder, and/or
5. warehouseman of the cargo.

The cargo was lost due to Defendant's negligent:

1. security procedures,
2. delegation to sub-contracted carriers,
3. instruction of others,
4. handling, carriage, and/or
5. selection of sub-contracted carriers and/or security providers.

Defendant was negligent as follows:

1. for failing to take adequate precautions to prevent theft of the cargo during transit,
2. for negligent entrustment of goods to third parties which were under-insured, and/or were ill-equipped for, or were under-informed concerning cargo security,
3. for negligent instruction of those it hired, and/or
4. for failing to follow shipping, booking, routing and/or other instructions.

3

These acts and/or omissions constituted a breach of the duties of care owed by Defendant, DTI, to Plaintiff, and/or proximately caused the loss in question.

## VIII.
## RES IPSA LOQUITUR COUNT

Plaintiff further relies on the doctrine of *res ipsa loquitur* as the cargo was lost while within the security, care and/or custody of Defendant, which in the ordinary course of events would not have occurred without negligence on the part of the Defendant, which negligence proximately caused the loss in question.

## IX.
## BREACH OF CONTRACT

In the alternative, and without waiving the above causes of action, Defendant entered into contract(s) with the Plaintiff, or their agents, to carry, prepare for shipment, warehouse, provide security for, and/or transport (in the complete quantity and in good condition) the cargo from Tukwila, Washington, to its planned destination in New Orleans, Louisiana. Defendant is also liable for negligent instruction and/or entrustment of the goods to third-parties and/or drivers, to whom they may have entrusted carriage, warehousing and/or security responsibilities. Defendant failed to deliver the cargo in good order and condition to the assigned destination in the same condition and quantity as it received it. Defendant thus breached its contract(s) of carriage, its bailment contract(s), its duties as carrier, freight forwarder, warehouseman, and/or security provider, and its duties and obligations as a common carrier of goods, which breached proximately caused the loss in question. Plaintiff has duly performed all duties, obligations, and conditions precedent to be performed on its part under the contract(s).

## X.
## BREACH OF BAILMENT OBLIGATIONS

In the alternative, and without waiving the above causes of action, Defendant was a carrier, freight forwarder, warehouseman, and/or bailee of Plaintiff's cargo and had a duty to exercise the requisite care, and to insure that its hirelings exerted the requisite care, in providing security, transporting, storing and/or forwarding the cargo in transit from Tukwila, Washington, to New Orleans, Louisiana.

## XI.
## VIOLATION OF DUTY UNDER STANDARD OF CARE

Defendant failed to exercise the requisite care and protection of the cargo, failed to properly instruct others, and/or failed to safely deliver the cargo from Tukwila, Washington, to New Orleans, Louisiana, in the same condition as it received it. Defendant thus breached its duties as a carrier, freight forwarder, security provider, cargo handler, warehouseman and/or bailee, which breach(es) proximately caused the loss in question.

## XII.
## AD DAMNUM CLAUSE AND CLAIM FOR ATTORNEY'S FEES ON NON-ICC COUNTS

As a direct result of the activities above, Plaintiff suffered losses in the amount of $700,000.00, as nearly as same can now be estimated. Plaintiff retained the undersigned attorneys to present its claims to Defendant, and its claims have been presented to Defendant. However, the claims have not been paid although duly demanded. Therefore, pursuant to Chapter 38 of the Tex. Civ. Prac. & Rem. Code Ann., Plaintiff further seeks reasonable attorney's fees in the amount of approximately $100,000. Plaintiff further seeks all reasonable attorney's fees incurred in any future appeal(s). Plaintiff has performed all conditions precedent necessary to allow recovery.

## XIII.
## JURY DEMAND

Plaintiff requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to Defendant, requiring it to appear, and that this Court award judgment to Plaintiff and against Defendant, including damages of $700,000.00, reasonable attorney's fees of $100,000.00, pre-judgment interest, post-judgment interest, costs of the court, all reasonable attorney's fees incurred in any future appeals, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

Dated: Houston, Texas
June 23, 2011

*Carlos M. Tamez*
DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
CARLOS M. TAMEZ
SDTX I.D. No.: 1054892
Texas Bar No.: 24070716
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:   (713) 222-1515
Direct Line:   (713) 457-2287
Telefax:       (713) 222-1359
E-mail:       dmartin@hillrivkins.com
Email:        ctamez@hillrivkins.com

ATTORNEYS FOR PLAINTIFF SHO-AIR INTERNATIONAL, INC.